IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

|  |  |
|---|---|
| DAVID JOVEL HERNANDEZ<br>c/o 519 H Street NW<br>Washington, DC 20001<br>(Montgomery County)<br><br>       Plaintiff,<br><br>v.<br><br>SUSHI TRAIN, LLC<br>d/b/a CHINA BISTRO<br>755 Hungerford Drive<br>Rockville, MD 20850<br>(Montgomery County)<br><br>XIAOLI CHAI<br>a/k/a LILY CHAI<br>20161 Black Diamond Place<br>Ashburn, VA 20147<br><br>JIAN S. HU<br>a/k/a JIANSHE CHAI<br>20161 Black Diamond Place<br>Ashburn, VA 20147<br><br>       Defendants. | Civil Action No. _____ |

# COMPLAINT

1.     Defendants own and operate "China Bistro," a restaurant located in Rockville. While Plaintiff worked at China Bistro, Defendants paid him a semimonthly salary that denied him minimum and overtime wages.

2.     Plaintiff brings this action to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-

401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C.§ 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 501(4) because a majority of the Maryland parties reside in this district and division, or because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

## Parties

5. Plaintiff David Jovel Hernandez is an adult resident of Montgomery County, Maryland.

6. Defendant Sushi Train, LLC is a Maryland corporate entity. It does business as China Bistro. Its principal place of business is located at 755 Hungerford Drive, Rockville, MD 20850. Its resident agent for service of process is Lily Chai, 755 Hungerford Drive, Rockville, MD 20850.

7. Defendant Xiaoli Chai is an adult resident of Virginia. She is also known as Lily Chai. She resides at 20161 Black Diamond Place, Ashburn, VA 20147. She is an owner and officer of Defendant Sushi Train, LLC. She exercises control over the operations of Sushi Train, LLC — including its pay practices.

8. Defendant Jian S. Hu is an adult resident of Virginia. He is also known as Jianshe Chai. He resides at 20161 Black Diamond Place, Ashburn, VA 20147. He is an owner and officer of Defendant Sushi Train, LLC. He exercises control over the operations of Sushi Train, LLC — including its pay practices.

9. Upon information and belief, Defendants Xiaoli Chai and Jian S. Hu are married.

**Factual Allegations**

10.     Defendants own and operate the restaurant China Bistro, located at 755 Hungerford Drive, Rockville, MD 20850.

11.     Plaintiff worked at China Bistro from 2015 through approximately February 15, 2020.

12.     Plaintiff took a leave of absence from China Bistro from approximately May 21, 2018 through May 24, 2018, and again from approximately June 1, 2019 through June 30, 2019.

13.     Plaintiff worked at China Bistro as a kitchen laborer.

14.     Plaintiff's job duties at China Bistro primarily consisted of preparing and cooking dumplings, cutting vegetables, making noodles, washing dishes, and cleaning the kitchen.

15.     Plaintiff typically and customarily worked six days per week.

16.     Plaintiff typically and customarily worked approximately sixty-six hours per week.

17.     At all relevant times, China Bistro typically and customarily opened for customers at 11:00 a.m. on each day of the week.

18.     At all relevant times, Plaintiff typically and customarily started work at 10:30 a.m., or approximately thirty minutes before the restaurant opened.

19.     At all relevant times, China Bistro typically and customarily closed at 9:30 p.m.

20.     At all relevant times, Plaintiff typically and customarily worked until 9:30 p.m.

21.     At all relevant times, Defendants paid Plaintiff a semimonthly salary.

22.     The amount of Plaintiff's semimonthly salary depended on whether Defendants paid him with cash or a check. Defendants typically and customarily alternated — using a check to pay Plaintiff for his work in the first half of a month, and using cash to pay Plaintiff for his work in the second half of a month.

23. When paying by check, Defendants paid Plaintiff approximately the following amounts:

| Approximate Dates | Semimonthly Salary |
|---|---|
| Jul. 01, 2016–Jun. 30, 2017 | $745.00 |
| Jul. 01, 2017–Nov. 30, 2017 | $836.00 |
| Dec. 01, 2017–May 21, 2018 | $955.00 |
| May 28, 2018–May 31, 2019 | $1,055.00 |
| Jul. 01, 2019–Feb. 15, 2020 | $1,200.00 |

24. When paying in cash, Defendants paid Plaintiff approximately the following amounts:

| Approximate Dates | Semimonthly Salary |
|---|---|
| Jul. 01, 2016–Jun. 30, 2017 | $800.00 |
| Jul. 01, 2017–Nov. 30, 2017 | $900.00 |
| Dec. 01, 2017–May 21, 2018 | $1,000.00 |
| May 28, 2018–Feb. 15, 2020 | $1,100.00 |

25. At sixty-six hours per week, Defendants paid Plaintiff approximately the following effective hourly rates:

   i. Semimonthly Check Salary:

| Approximate Dates | Semimonthly Salary | Effective Hourly Rate |
|---|---|---|
| Jul. 01, 2016–Jun. 30, 2017 | $745.00 | $5.21 |
| Jul. 01, 2017–Nov. 30, 2017 | $836.00 | $5.85 |
| Dec. 01, 2017–May 21, 2018 | $955.00 | $6.68 |
| May 28, 2018–May 31, 2019 | $1,055.00 | $7.38 |
| Jul. 01, 2019–Feb. 15, 2020 | $1,200.00 | $8.39 |

   ii. Semimonthly Cash Salary

| Approximate Dates | Semimonthly Salary | Effective Hourly Rate |
|---|---|---|
| Jul. 01, 2016–Jun. 30, 2017 | $800.00 | $5.59 |
| Jul. 01, 2017–Nov. 30, 2017 | $900.00 | $6.29 |
| Dec. 01, 2017–May 21, 2018 | $1,000.00 | $6.99 |
| May 28, 2018–Feb. 15, 2020 | $1,100.00 | $7.69 |

26. At all relevant times, Plaintiff worked more than forty hours per workweek for Defendants.

27. Defendants paid Plaintiff the same effective hourly rate across all hours worked.

28.     Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

29.     In addition to not paying overtime wages, Defendants did not always pay Plaintiff the federal minimum wage.

30.     The FLSA requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

31.     Moreover, Defendants never paid Plaintiff the Maryland and Montgomery County minimum wages.

32.     The MWHL requires that employers pay non-exempt employees at least $8.75 per hour from July 1, 2016 through June 30, 2017, $9.25 per hour from July 1, 2017 through June 30, 2018, $10.10 per hour from July 1, 2018 through December 31, 2019, and $11.00 per hour from January 1, 2020 through the present. Md. Code, Lab. & Empl. Art. § 3-413.

33.     For companies with fewer than fifty employees, the Montgomery County minimum wage was $10.75 per hour from July 1, 2016 through June 30, 2017, $11.50 per hour from July 1, 2017 through June 30, 2018, $12.00 per hour from July 1, 2018 through June 30, 2019, and $12.50 per hour from July 1, 2019 through the present. Montgomery County Code, § 27-68.

34.     For Plaintiff's work in the three years preceding the filing of this Complaint, Defendants owe him approximately $70,706.90 in minimum and overtime wages (excluding liquidated damages).

35.     Defendant Xiaoli Chai hired, or participated in the decision to hire, Plaintiff.

36.     Defendant Xiaoli Chai fired, or participated in the decision to hire, Plaintiff.

37.     Defendants Xiaoli Chai and Jian S. Hu together decided on China Bistro's operating hours.

38. Defendant Xiaoli Chai set Plaintiff's work schedule.

39. Defendant Xiaoli Chai set, or participated in the decision to set, Plaintiff's salary.

40. Defendant Jian S. Hu hired, or participated in the decision to hire, Plaintiff.

41. Defendant Jian S. Hu fired, or participated in the decision to hire, Plaintiff.

42. Defendant Jian S. Hu set, or participated in the decision to set, Plaintiff's salary.

43. At all relevant times, Defendant Xiaoli Chai or Defendant Jian S. Hu signed Plaintiff's paychecks.

44. At all relevant times, Defendants had the power to hire and fire Plaintiff.

45. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

46. At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

47. At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

48. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of forty hours in any one workweek.

49. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the applicable federal, Maryland, and Montgomery County minimum wage rates.

50. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to him.

51. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

52. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

53. At all relevant times, Defendants had employees who handled food products, such as chicken, beef, or vegetables, that had been raised or grown outside of Maryland.

## COUNT I
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

54. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

55. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

56. The FLSA requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

57. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

58. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

59. Defendants violated the FLSA by knowingly failing to pay Plaintiff the required minimum wage.

60. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his effective regular hourly rate for hours worked in excess of forty hours in any one workweek.

61. Defendants' violations of the FLSA were willful.

62. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE MWHL

63. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

64. Each defendant was an "employer" of Plaintiff within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

65. The MWHL required that employers pay non-exempt employees at least $8.75 per hour from July 1, 2016 through June 30, 2017, $9.25 per hour from July 1, 2017 through June 30, 2018, $10.10 per hour from July 1, 2018 through December 31, 2019, and $11.00 per hour from January 1, 2020 through the present. Md. Code, Lab. & Empl. Art. § 3-413.

66. The MWHL requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. Md. Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

67. Defendants violated the MWHL by knowingly failing to pay the required minimum wage to Plaintiff.

68. Defendants violated the MWHL by knowingly failing to pay Plaintiff one and one-half times his effective regular hourly rate for hours worked in excess of forty hours in any one workweek.

69. Defendants' violations of the MWHL were willful.

70. For Defendants' violations of the MWHL, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE MWPCL

71. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

72. Each defendant was an "employer" of Plaintiff within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

73. The MWPCL requires employers to pay an employee whose employment terminates all wages due on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

74. The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

75. The "wages" required to be timely paid by the MWPCL include minimum and overtime wages. Md. Code, Lab. & Empl. Art. § 3-501(c)(2). *See also Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

76. Defendants violated the MWPCL by knowingly failing to timely pay to Plaintiff all wages due, including minimum and overtime wages.

77. Defendants' violations MWPCL were willful.

78. For Defendants' violations of the MWPCL, Defendants are liable to Plaintiff for three times the amount of unpaid wages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$215,973.03**, and grant the following relief:

    a. Award Plaintiff $212,120.71, consisting of the following overlapping elements:

        i. unpaid federal minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

      ii.      unpaid Maryland minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

      iii.      three times the amount of unpaid minimum and overtime wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

b.      Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c.      Award Plaintiff reasonable attorney's fees and expenses at (as of this date, approximately $3,452.32);

d.      Award Plaintiff court costs (currently, $400.00); and

e.      Award any additional relief the Court deems just.

Date: March 3, 2020                                      Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #17567
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*